FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ APR 26 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

DWAYNE ALSTON,

                                Plaintiff,

                -against-

CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER JOHN MCNALLY, POLICE OFFICER DANIEL GUARIANO and POLICE OFFICERS JOHN DOE #1 - #15, individually and in their official capacity, (whose names being fictitious, the true names being unknown to the plaintiff).

                              Defendants.

---------------------------------------------------------------x

**VERIFIED COMPLAINT**

**Jury Trial Demanded**

CV

CV 11-2038

MAUSKOPF, J.

POLLAK, M.J.

Plaintiff, **DWAYNE ALSTON**, by his attorneys, The O'Connor Law Firm, A Professional Corporation, complaining of the defendants, respectfully sets forth and alleges:

### PRELIMINARY STATEMENT

1. Plaintiff, Dwayne Alston, brings this action for monetary damages for violations of his civil rights, pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, the Fourth, Fifth, and Eighth Amendments to the United States Constitution, the Constitution of the State of New York and under the laws of the Sate of New York.

2. The claims arise from the unlawful and unjust arrests of plaintiff on January 25, 2010, January 26, 2010 and February 2, 2010 in which members of the New York City Police Department subjected plaintiff to, among other things, excessive force, false arrest, false imprisonment, and malicious prosecution.

3. Plaintiff seeks compensatory and punitive damages, an award of costs and attorneys' fees, and such other and further relief as the court deems just and proper.

### JURISDICTION AND VENUE

4. This action is brought pursuant to 42 U.S.C. § 1983, and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

5. Jurisdiction is founded upon 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3) and 28 U.S.C. §1343(a)(4). This Court may also exercise supplemental jurisdiction over the plaintiff's state law claims that arise from the same facts and circumstances under 28 U.S.C. § 1367.

6. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391 (b), in that this is the District in which the claim arose.

## PARTIES

7. Plaintiff is a citizen of the United States, a resident of the City of New York, and at all times relevant to the allegations of this complaint was a resident of Richmond County in the City and State of New York.

8. At all times mentioned herein, defendant, CITY OF NEW YORK was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. At all times hereinafter mentioned, the NEW YORK CITY POLICE DEPARTMENT was and still is an agency and/or department of the defendant CITY OF NEW YORK.

10. Defendant, CITY OF NEW YORK maintains the NEW YORK CITY POLICE DEPARTMENT, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, CITY OF NEW YORK.

11. At all relevant times in this action, the CITY OF NEW YORK employed defendants POLICE OFFICER JOHN MCNALLY, POLICE OFFICER DANIEL GUARIANO and POLICE OFFICERS JOHN DOE #1 - #15.

12. At all relevant times and in all their actions, the defendants were acting under color of law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the City and State of New York and pursuant to their authority as police personnel.

13. At all times relevant to this action, defendants, POLICE OFFICERS JOHN DOE #1 - #2 were policy makers with respect to training, supervision, and discipline of NYPD officers, including the other individually named defendants.

14. At all times relevant to this action, defendants were police officers employed by the New York City Police Department to perform duties in Kings County and/or Richmond County and were assigned to the 75th and /or 120th Precinct.

15. At all relevant times, defendants were acting as the agents, servants, and employees of defendant, CITY OF NEW YORK.

16. The individually named defendants were at all times relevant to this complaint, duly appointed and acting officers of the police department of The City of New York, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or The City of New York and pursuant to their authority as police personnel.

17. The defendants are sued individually and in their official capacity.

18. At all times relevant to this action, defendant POLICE OFFICERS JOHN DOE #1 - #15 were police officers employed by the New York City Police Department to perform duties in the City of New York. These defendants' names are currently unknown and undiscoverable to plaintiff.

19. Each and all of the acts of the defendants alleged herein were performed by said defendants while acting within the scope of their employment.

## FACTS

20. On January 25, 2010 at approximately 8:00 p.m., plaintiff was lawfully present in his home, located at 28 Laforge Avenue, Staten Island, in the City and State of New York.

21. At the aforesaid time and place, defendants, including, but not limited to defendant, POLICE OFFICER JOHN MCNALLY, unlawfully stopped, searched, seized, and handcuffed plaintiff, DWAYNE ALSTON, and thereafter forcibly slammed him onto a police vehicle and transported him to the 75th Precinct in Brooklyn, New York. Defendants thereafter unlawfully searched plaintiff's home located at 28 Laforge Avenue, Staten Island, New York 10302 without a search warrant or permission.

22. Defendants then falsely imprisoned plaintiff, DWAYNE ALSTON, confining him without his consent until January 26, 2010 when he was released without any charges being filed against him.

23. On January 26, 2010, plaintiff, DWAYNE ALSTON, after being released from the 75th Precinct, traveled home to 28 Laforge Avenue, Staten Island, New York where police officers, including POLICE OFFICER DANIEL GUARIANO, were waiting for his arrival.

24. At the aforementioned time and place, defendants, including POLICE OFFICER DANIEL GUARIANO, again unlawfully stopped, seized, searched and falsely arrested plaintiff, DWAYNE ALSTON, in front of 28 Laforge Avenue, Staten Island, New York. Defendants handcuffed plaintiff and transported him to the 120th Precinct in Staten Island, New York.

25. Defendants filed false and baseless charges against plaintiff in violation of plaintiff's civil and constitutional rights and offered false and perjurious testimony in connection with the prosecution of his case.

26. Plaintiff was charged with criminal possession of a weapon and menacing.

27. Plaintiff was held in police custody until his release on or about February 1, 2010.

28. On or about February 2, 2010, defendants again unlawfully stopped, seized, and searched plaintiff at his home at 28 Laforge Avenue and transported him to the Richmond County District Attorney's Office, making promises, statements and representations to plaintiff known to be false by defendants.

29. Upon information and belief, on or about February 2, 2010, defendants promised plaintiff a monetary reward to induce plaintiff to participate in a polygraph test. Defendants confined plaintiff for over six hours during the polygraph examination. At the end of the polygraph test, defendants forced plaintiff to take the test a second time. Defendants then released plaintiff without any charges being filed against him.

30. Thereafter, plaintiff was required to make numerous court appearances in defense of the false and malicious charges arising out of the January 26, 2010 arrest lodged against him by defendants until said charges were dismissed.

31. The acts complained of were carried out by the aforementioned defendants in their capacity as police officers, pursuant to the customs, usages, practices, and the rules of the City of New York and the New York City Police Department.

32. As a result of the foregoing, plaintiff sustained, *inter alia*, physical injury, pain and suffering, emotional distress, embarrassment, humiliation, a deprivation of his state rights and constitutional rights, loss of employment, incurred legal expenses in connection with the defense of the charges and incurred medical expenses and expects to incur medical expenses in the future.

33. The abuse to which plaintiff was subjected was consistent with an institutionalized custom and practice of the New York City Police Department, which was known to and ratified by defendant CITY OF NEW YORK.

34. Despite knowledge of these institutionalized customs and practices, the defendant CITY OF NEW YORK has at no time taken any effective action to prevent New York City police personnel from continuing to engage in this type of misconduct.

35. Defendant CITY OF NEW YORK had prior notice of the vicious propensities of the individually named defendants but took no steps to train, retrain, or adequately supervise or discipline them to correct their abuse of authority or to discourage their unlawful use of authority.

## FEDERAL CAUSE OF ACTION

*(Deprivation of Federal rights under 42 U.S.C. Section 1983)*

36. Plaintiff repeats and realleges each and every allegation of paragraphs "1" through "35" with the same force and effect as if fully set forth herein.

37. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the City of New York and the New York City Police Department, which is forbidden by the Constitution of the United States.

38. That the aforementioned official customs, usages, practices and procedures of the defendants CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT were implemented and created by its employees, including those supervisory and/or commanding employees of the New York City Police Department whose acts and/or omissions create "official policies, customs and/or practices" within the meaning of 42 U.S.C. 1983. Said official customs and practices included, but were not limited to, the following:

a) Encouraging, allowing, and/or ratifying a policy and custom whereby senior commanding police officers cover up or otherwise hinder the disciplining and/or prosecution of those police officers under their command that have engaged in unjustified, unreasonable and illegal use of force and search and arrest powers;

b) Refusing to release to persons who claim they have been subject to unjustified, unreasonable and illegal use of force and search and arrest powers by police officers the defendants' internal and official documents relative to the incidents that give rise to such claims;

c) Maintaining a system for disciplining police officers and investigating civilian complaints of improper police conduct that is dominated and controlled by police department employees who are unable to be impartial and who systematically refuse to give proper weight to evidence of police misconduct;

d) Tolerating the use of abusive language and sentiments among members of its police departments and failing to discipline or discharge those police officers who engage in such conduct;

e) Failing to properly hire, train and supervise police officers in a fashion that would encourage police officers not to engage in the unjustified, unreasonable, illegal and abusive use of force and search and arrest powers, and in ratifying, justifying, and protecting from civil and criminal liability the acts of those police officers that are unjustified, unreasonable and involve the illegal or abusive use of force and search and arrest powers.

f) Maintaining and operating police Internal Affairs Units in which the supervisors of said Units engage in a systematic policy and practice of refusing to fully investigate complaints of police misconduct. Said supervisors also intentionally obstruct investigations of police misconduct by instructing those persons under their command not to seek relevant and necessary evidence to document claims of police misconduct.

g) Failing to act to discipline, suspend and/or otherwise take remedial action against those employees of the New York City Police Department who, while acting under the color of state law, violated the civil rights of members of the public.

h) Allowing, suffering, creating and/or otherwise permitting an environment whereby a custom and practice known as "the wall of silence" exists. Said custom and practice involves a virtually uniform refusal by New York City police officers to testify truthfully about instances of police misconduct and civil rights violations. Said custom and practice involves either failing to testify about, or otherwise act to prevent, police misconduct and civil rights violations.

i) Allowing, suffering, creating and/or otherwise permitting an official policy, custom and/or practice of hiring and retaining for employment police officers with predispositions to abuse and violate the civil rights of others. This policy, custom and practice is evidenced, in part, by the CITY OF NEW YORK'S inadequate and/or non-existent attempts to screen applicants with such tendencies and exclude them from employment as police officers and/or discharge such persons from employment as police officers.

j) Active participation in and/or condoning of, conspiracies by various members of its police force, including senior commanding and/or other supervisory police officers, to, while acting under color of state law, deprive persons of their civil rights.

k) Isolating the City of New York's law department from the discipline of police officers so that civil suits against police officers arising out of the scope of their employment are ignored without investigation or review by the police department. Such civil suits have no impact on the employment of these officers, including suits resulting in verdicts against the police officers.

l) Failing to discipline officers for making false statements to disciplinary agencies and courts with no procedure to notify officers' supervisors of unfavorable judicial review of their conduct in providing perjurious, exaggerated and incredible testimony.

39. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff, DWAYNE ALSTON, was subjected to wanton and excessive use of force, unlawfully stopped, seized, detained, searched, imprisoned, arrested and maliciously prosecuted.

40. That if certain of the individual defendants did not themselves engage in tortious conduct or arrest him, said individual defendants failed to prevent the arrrests and abuse of the said plaintiff and other tortious conduct by the other individual defendants despite having a duty to do so, said failure to act being either intentional and/or in gross disregard of the civil rights of the plaintiff, DWAYNE ALSTON.

41. By the actions described above, the defendant CITY OF NEW YORK, by the acts of its employees, including the individual defendants, in furtherance of the said official policies and/or customs, deprived plaintiff of the following clearly established and well-settled constitutional rights:

a. Freedom from the use of excessive and unreasonable force;

b. Freedom from unreasonable stops, frisks, searches and seizures;

c. Freedom from the deprivation of liberty and summary punishment without due process of the law;

42. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department deprived plaintiff, DWAYNE ALSTON, of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and in violation of 42 U.S.C. Sections 1983, 1985 (2) (3), 1986 and 1988 and were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

43. That as a result of the foregoing, the plaintiff has suffered physical pain, sustaining severe and permanent personal injuries, psychological injuries and has further suffered loss of freedom, loss of quality and/or enjoyment of life, legal and out of pocket expenses, past medical expenses and further medical expenses to be incurred in the future.

44. The foregoing acts of the defendants were so egregious and reprehensible and were performed in a manner which so violates the law and were so outrageous that it constitutes conduct that no civilized society should be required to tolerate.

45. As a result of the foregoing, plaintiff, DWAYNE ALSTON, has been damaged in the amount of FIVE MILLION DOLLARS ($5,000,000.00) and is further entitled to punitive damages in the amount of TEN MILLION DOLLARS ($10,000,000.00).

## STATE CAUSES OF ACTION

46. Plaintiff repeats and realleges each and every allegation of paragraphs "1" through "45" with the same force and effect as if fully set forth herein.

47. On or about February 10, 2010, and within ninety (90) days of the date in which this claim arose, Plaintiff caused a Notice of Claim to be duly served upon defendants.

48. That more than thirty (30) days have elapsed since the service of the Notice of Claim and adjustment or payment thereof has been neglected or refused by defendants.

49. That plaintiff appeared on August 26, 2010 for a hearing pursuant to General Municipal Law Section 50-h.

50. That this action is commenced within one year and ninety days after the cause of action accrued.

51. Plaintiff has complied with all conditions precedent to the commencement of this action.

52. That this action falls within one or more of the exceptions set forth in Article 16 of the C.P.L.R.

## AS AND FOR A SECOND CAUSE OF ACTION

*(Excessive Use of Force and Negligence)*

53. Plaintiff repeats and realleges each and every allegation of paragraphs "1" through "52" with the same force and effect as if fully set forth herein.

54. Defendants carelessly, negligently, and recklessly used excessive force against the plaintiff, DWAYNE ALSTON in the course of effecting the aforementioned arrest.

55. Each and all of the aforementioned acts of the defendants alleged herein were performed by said defendants while acting within the scope of their employment.

56. Defendants' excessive use of force was without any provocation, reasonable cause, justification or privilege.

57. That as a result of the excessive force and negligence, the plaintiff has suffered physical pain, sustaining severe and permanent personal injuries, psychological injuries and has further suffered loss of quality and/or enjoyment of life, past medical expenses and further medical expenses to be incurred in the future.

58. As a result of the foregoing, plaintiff, DWAYNE ALSTON, has been damaged in the amount of FIVE MILLION DOLLARS ($5,000,000.00) and is further entitled to punitive damages in the amount of TEN MILLION DOLLARS ($10,000,000.00).

## AS AND FOR A THIRD CAUSE OF ACTION
*(False Arrest and False Imprisonment)*

59. Plaintiff repeats and realleges each and every allegation of paragraphs "1" through "58" with the same force and effect as if fully set forth herein.

60. Plaintiff was arrested and imprisoned without a warrant for his arrest.

61. Plaintiff was conscious of and did not consent to the confinements.

62. There was no justification, or probable or reasonable cause or privilege for the confinements.

63. As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal and improper searches and seizures, and false arrests by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined in wanton and reckless disregard for plaintiff's constitutional rights.

64. As a result of the foregoing, plaintiff, DWAYNE ALSTON, has been damaged in the amount of FIVE MILLION DOLLARS ($5,000,000.00) and is further entitled to punitive damages in the amount of TEN MILLION DOLLARS ($10,000,000.00).

## AS AND FOR A FOURTH CAUSE OF ACTION
*(Malicious Prosecution)*

65. Plaintiff repeats and realleges each and every allegation of paragraphs "1" through "64" with the same force and effect as if fully set forth herein.

66. Defendants acted with malice in commencing and prosecuting a criminal proceeding against plaintiff in wanton and reckless disregard for plaintiff's state law and constitutional rights.

67. There was no probable cause, reasonable grounds or justification for the arrests and/or prosecution of plaintiff.

68. As a result of the foregoing, plaintiff, DWAYNE ALSTON, has been damaged in the amount of FIVE MILLION DOLLARS ($5,000,000.00) and is further entitled to punitive damages in the amount of TEN MILLION DOLLARS ($10,000,000.00).

### AS AND FOR A FIFTH CAUSE OF ACTION
*( Negligent Hiring, Training, Supervision and Retention )*

69. Plaintiff repeats and realleges each and every allegation of paragraphs "1" through "68" with the same force and effect as if fully set forth herein.

70. Defendant CITY OF NEW YORK was careless, reckless and otherwise negligent in hiring, training, supervising and retaining as and for its employees, the individually named defendants.

71. Defendants lacked the maturity, sensibility, moral character and intelligence to be employed or remain employed by the defendant City of New York.

72. Defendant CITY OF NEW YORK knew or should have known that the said employees lacked the ability, competence, deportment, experience, maturity and moral character to be employed or remain employed by the defendant City of New York.

73. Defendant CITY OF NEW YORK failed to adequately investigate, supervise or monitor the individually named defendants daily activities and transactions.

74.   Defendant CITY OF NEW YORK could reasonably have anticipated that the individually named defendants' lack of ability, competence, deportment, experience, maturity and moral character would likely result in injury to others.

75.   That the aforesaid occurrences, to wit: excessive force, false imprisonment, false arrest, malicious prosecution, and the resulting injuries to mind and body therefrom were caused wholly and solely by reason of the negligence of the defendants, their agents, servants and employees without any negligence on the part of the plaintiff.

76.   As a result of the foregoing, plaintiff, DWAYNE ALSTON, has been damaged in the amount of FIVE MILLION DOLLARS ($5,000,000.00) and is further entitled to punitive damages in the amount of TEN MILLION DOLLARS ($10,000,000.00).

## JURY DEMAND

77.   Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

**WHEREFORE**, plaintiff, DWAYNE ALSTON, demands judgment against the defendants on the First Cause of Action in the sum of FIVE MILLION ($5,000,000.00) DOLLARS and punitive damages in the amount of TEN MILLION DOLLARS ($10,000,000.00).; plaintiff demands judgment against the defendants on the Second Cause of Action in the sum of FIVE MILLION ($5,000,000.00) DOLLARS and punitive damages in the amount of TEN MILLION DOLLARS ($10,000,000.00); plaintiff demands judgment against the defendants on the Third Cause of Action in the sum of FIVE MILLION ($5,000,000.00) DOLLARS and punitive damages in the amount of TEN MILLION DOLLARS ($10,000,000.00).; plaintiff demands judgment against the defendants on the Fourth Cause of

Action in the sum of FIVE MILLION ($5,000,000.00) DOLLARS and punitive damages in the amount of TEN MILLION DOLLARS ($10,000,000.00).; plaintiff demands judgment against the defendants on the Fifth Cause of Action in the sum of FIVE MILLION ($5,000,000.00) DOLLARS and punitive damages in the amount of TEN MILLION DOLLARS ($10,000,000.00); together with an award of costs, disbursements, interest and reasonable attorney's fees in this matter.

Dated:  New York, New York
        April 26, 2011

> Yours, etc.
>
> THE O'CONNOR LAW FIRM
> A PROFESSIONAL CORPORATION

BY: _____

BRIAN J. O'CONNOR (BO4656)
Attorneys for Plaintiff
45 Broadway, Suite 3020
New York, New York 10006
(212) 566-4868